UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LINDA HONORE-ROGERS** | **CASE NO. 2:22-CV-00387** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S A A FEDERAL SAVINGS BANK ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendant USAA FSB's Motion For Judgment on the Pleadings" [Doc. 8]. Defendant maintains that Plaintiff has not sufficiently plead claims that can survive this action and that Plaintiff' complaint against USAA Federal Savings Bank ("USAA FSB") should be dismissed in its entirety. Plaintiff opposes this motion [Doc. 11] and Defendant has replied to the opposition [Doc. 12]. As such, this motion has been properly briefed and is now ripe for decision.

## BACKGROUND

Plaintiff, Linda Honore-Rogers, had multiple loans with USAA FSB that Plaintiff alleges were cancelled based on USAA FSB issuing an IRS 1099-C for each account, stating that the account had been discharged. Doc. 1 *Complaint* ¶¶ 9; 10-12; 18. Plaintiff does not allege that she fully paid the loans due or that where was not a balance at issue on the loans. Plaintiff's argument primarily relies on the assertion that USAA FSB voluntarily cancelled the loan balances by issuing the Form 1099-C. Based on this alleged cancellation

of the USAA FSB loans, Plaintiff contends that USAA FSB erroneously reported a balance due on the accounts to the credit reporting agencies. *Id.* ¶¶ 20; 22.

Plaintiff alleges that USAA FSB had been actively attempting to collect the debts through phone calls, letters, and collection notices. *Id.* ¶ 14. Additionally, USAA FSB had been sending Plaintiff periodic statements of accounts. Plaintiff maintains that after the alleged cancellation of the debt, all of the communication with USAA FSB stopped. *Id.* ¶ 15. Additionally, USAA FSB issued an IRS Form 1099-C to Plaintiff for each account, which stated that it had made a decision or policy to discontinue collection of the debts. *Id.* ¶¶ 10; 11.

Plaintiff now brings a Fair Credit Reporting Act claim against USAA FSB under 15 U.S.C. 1681s-2(b) for failure to properly investigate Plaintiff's dispute. *Id.* ¶¶ 35-41.

## LAW & ANALYSIS

### a. Rule 12(c) Standard

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) Motion to Dismiss. See *Bennett-Nelson v. Louisiana Bd. Of Regents,* 431 F.3d 448, 450 n. 2 (5th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes a court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt,* 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a plaintiff fails to allege any

set of facts in support of his claim which will entitle him to relief." *U.S. ex. Rel. Willard v. Humana Health Plan of Texas, Inc.,* 33 F.3d 375, 379 (5th Cir. 2003).

The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.

1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

### b. *Application*

The Fair Credit Reporting Act ("FCRA") establishes "various obligations for consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies, and users of consumer credit reports." *Davis v. World Fin. Network Nat. Bank*, No. 3:09-cv-0860-BF, 2009 WL 4059202, at *2 (N.D. Tex. Nov. 20, 2009). To recover against a furnisher for an alleged violation of 15 U.S.C. 1681s-2(b), a plaintiff must

show that: (1) the furnisher provided incomplete or inaccurate credit information about the plaintiff to a credit reporting agency ("CRA"), (2) the plaintiff notified a CRA that this information in his or her credit reports was inaccurate or incomplete, (3) the CRA notified the furnisher of the dispute, and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation, correct any inaccuracies, or negligently reported the results of its investigation to the CRA. *Block v. Real Time Resolutions, Inc.*, Civil No. 3:20-cv-01592, 2021 WL 2559260, at *8 (W.D. La. Jun. 8, 2021).

Defendant USAA FSB maintains that Plaintiff's argument should fail as a matter of law because the delinquent loans which all have balances were not cancelled based on the submission of the Form 1099-C. USAA FSB argues that a Form 1099-C is viewed merely as a reporting requirement and does not extinguish a debt. USAA FSB cites to *Ware v. Bank of America Corp.*, 9 F. Supp. 3d 1329 (N.D. Ga. 2014), where the IRS information letter relied upon by the court stated:

> The Internal Revenue Service does not view a Form 1099-C as an admission by the creditor that it has discharged the debt and can no longer pursue collection. Section 1.6050P-1(a) of the regulations provides that solely for purposes of reporting cancellation of indebtedness, a discharge of indebtedness is deemed to occur when an identifiable event occurs whether or not an actual discharge of indebtedness has occurred…

As such, USAA FSB maintains that the filing of a From 1099-C is only a reporting requirement and is not an instrument effectuating the discharge of debt. USAA FSB argues that the entire basis for Plaintiff's suit rests upon the Form 1099-C serving as a cancellation

of the underlying debt, and as such the claims against USAA FSB should fail as a matter of law.

Plaintiff disagrees with USAA FSB's assertion that the Form 1099-C is the sole basis indicating a discharge of debt. Plaintiff argues that whether the issuance of a Form 1099-C is sufficient prima facie evidence to show that a debt has been discharged is not a question that this Court need resolve at this stage, because Plaintiff pleaded that USAA FSB discharged the debt, and additional facts are pleaded to support Plaintiff's contention besides the mere issuance of a Form 1099-C. Plaintiff agues that additional facts were pled to support discharge of the debt including that USAA FSB's collection efforts stopped, Plaintiff argues that USAA FSB represented to Plaintiff and the IRS that the debt was forgiven, and Plaintiff relied upon this representation to report the forgiven debt as taxable income.

Plaintiff further argues that at this stage, Plaintiff need not prove that the debt was discharged. Rather, Plaintiff is only required to allege facts that allow the Court to reasonably infer that the debt may have been discharged. The issuance of a Form 1099-C is only one such fact that Plaintiff alleges that supports this inference. Additional allegations are present, and those allegations must be taken as true at this stage. "Pleadings should be construed liberally and a judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 312 (5th Cir. 2002). All well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. *Id.*

Accordingly, this Court need not decide the issue of if a Form 1099-C is evidence of discharge at this stage, because the complaint contains sufficient facts which by a reasonable jury could find that the debt was discharged. As such, it is premature to dismiss Plaintiff's claims at the pleading stage, without discovery or the weighing of evidence or testimony, because allegations of discharge are plausible.

## **CONCLUSION**

For the reasons set forth above, the "Defendant USAA FSB's Motion for Judgment on the Pleadings" [Doc. 8] is **DENIED** and Plaintiff's claims against USAA FSB will not be dismissed.

**THUS DONE AND SIGNED** in Chambers this 7th day of June, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**